Savary v. Savary.

SAVARY *v.* SAVARY.

| 3 | 271 |
| 108 | 519 |
| 3 | 271 |
| 127 | 162 |

Where suit was brought upon a promissory note, dated at Batavia, May 28th, 1851, payable to one S. or bearer, in three months from date, in which action the defendant pleaded as a set-off, a promissory note executed by the plaintiff, dated at Rome, April 24th, 1852, payable to a third person, in one day from date, of which he alleged he became the owner, " a short time after the said 24th of April, 1852, and whilst S. was still the owner of the note given by defendant;" and where on the trial, question was made as to the authority of the plaintiff's attorneys to bring the suit, which question was referred to the jury by the court; and where the court instructed the jury as follows: 1. That before they could find for the plaintiff in any event, they must be satisfied from the testimony, that the attorneys for the plaintiff had brought the suit by the authority and direction of the plaintiff. 2. That the *lex loci contractus*, or the law of New York, must govern as to the rights of the parties in relation to the set-off, and not the law of Iowa, where the suit is brought; *Held*, 1. That the court erred in giving the instructions; 2. That the plaintiff's right to recover, should not have been made dependent on the attorney's authority to sue.

The *lex loci contractus* governs as to the nature, validity and interpretation of the contract; but the *lex fori* governs in matters pertaining to the remedy. The law of set-off belongs to, and is a part of, the remedy.

*Appeal from the Polk District Court.*

THE plaintiff sued the defendant on his promissory note, for $159, given to one G. W. Savary, and payable to him or bearer, in three months from date, and dated at Batavia, May 28th, 1851. The defendant pleaded as a set-off, a promissory note of the said G. W. Savary, given to one James C. Savary, dated at Rome, April 24th, 1852, by which said G. W. promised to pay said J. C. $237, in one day from date, of which defendant alleges he became the owner, " a short time after " the said 24th of April, 1852, and whilst J. W. Savary was still the owner of the note given by defendant. On the trial, question was made as to the authority of the plaintiff's attorneys, to bring suit on the note in this action sued upon. The court referred this question to the jury, with the remainder of the case, on the issue joined. The other facts necessary to an understanding of the case, will appear in the opinion of the court.

*Samuel A. Rice*, for the appellant, made the following points:

1. The *lex loci contractus* governs as to the nature, validity and interpretation of contracts. *Bank of United States* v. *Donelly*, 8 Peters, 361; Story Con. Laws, § 558; Ib. 939, note 2; 1 Caines, 402.

2. The *lex fori* governs as to the remedy. 8 Peters, 371; *Wilcox et als.* v. *Hunt et als.*, 13 Peters, 379; *French* v. *Hall*, 9 N. H. 137; *Peck* v. *Hozier et al.*, 14 John. 346; 3 Gill & Johns. 234; 2 Mass. 87; *Whitman* v. *Adams*, 2 Cowen, 626; *Dixon's Ex'rs* v. *Ramsay's Ex'rs*, 3 Cranch, 323.

3. What is proper matter of set-off, must be determined by the *lex fori*, and not the *lex loci contractus*. *Gibbs et ux.* v. *Howard*, 2 N. H. 296; *Ruggles* v. *Keeler*, 3 John. 263; Pothier on Obligations, 641, 642; Story Con. Laws, 961.

4. The defendant had no interest in the question, and it

could not be matter of defence whether plaintiff's attorneys were authorized to commence suit or not. This question could only originate between plaintiff and his attorneys.

5. All the court could have done, in case it appeared that the attorney had no authority, would have been to stay the proceedings in behalf of the party for whom he assumes to appear; and it was a question for the court, and not for the jury. Code, § 1617.

*Brown & Elwood*, for the appellee.

WOODWARD, J.—The court below gave several instructions to the jury, which are resolvable into the following two: 1. That "before they could find for the plaintiff in any event, they must be satisfied from the testimony, that the attorneys for the plaintiff had brought suit by the authority and direction of the plaintiff. 2. That the *lex loci contractus*, or the law of New York, must govern as to the rights of the parties in relation to the set-off, and not the law of Iowa, where the suit is brought. It is presumed that there was evidence showing that the notes were made in New York. The plaintiff excepts to the above instructions. A verdict was rendered for the defendant. The plaintiff's right to recover on the note held by him, should not have been made dependent on the attorney's authority to sue. Such want of authority, would be ground only for dismissing the suit, at the most. Or, if the attorneys were not prepared to show their power, the defendant might have a continuance. Another view of the matter is, that this want of authority to bring the suit, was not a defence to the note, and was not pleaded as such; and therefore should not have been put to the jury, with the proper issue of the cause, notwithstanding any apparent tacit consent by counsel. Being so submitted to them, it forms an immaterial issue; and this being effected by the action of the court, and not of the counsel, a new trial should have been granted upon the motion made for that purpose. The *lex loci contractus* governs as to the nature, validity, and interpretation of a contract, but the *lex fori* governs in matters

VOL. III.                 18

pertaining to the remedy. And to this belongs the question of set-off. The rights in relation to this branch of the cause, were to be governed by the law of Iowa, and not by the law of New York. See the authorities cited by plaintiff's counsel. In these things, we are of the opinion, that the District Court erred, and therefore the judgment below is reversed, and a writ of *procedendo* will issue.