### RICHARDS and others vs. THE GLOBE BANK.

A judgment was entered upon a note, under a warrant of attorney, which was a
separate instrument, but upon the same sheet of paper as the note, and de-
scribed the note correctly, except that it referred to the same as bearing even
date with the warrant, while the warrant itself (which was filled up from a
printed blank), was *without a date: Held*, that the judgment ought not to be
vacated on the ground that the warrant did not sufficiently identify said note
as the one on which judgment was authorized to be entered, it appearing that
said note was the one intended to be described in the warrant.

A note made in this state, payable in New York, with interest at a rate allowed
by the laws of this state, but not by those of New York, is not usurious, when
the contract is made in good faith and not for the purpose of avoiding the
usury laws.

Where a note made in this state by residents thereof, payable in New York, with
interest at 10 per cent., was negotiated for money to be used in this state,
and was purchased by a bank in this state, and sold by it in New York, and
A, one of the makers of said note, when it was about maturing, made an ar-
rangement in New York, with the president of said bank, (both being tem-
porarily in that city), in pursuance of which the other makers of said note
executed in this state, to said bank, a new note for the same amount, with
interest at the same rate, payable also in New York, and the bank thereupon
forwarded said new note to New York to be signed by A, (who accordingly
signed it in that city), and also forwarded its draft on New York to take up
the old note, charging the makers of said note the current rate of exchange
on said draft: *Held*, that the new note thus given was governed by the law
of this state, and was not usurious because it provided for the payment of a
higher rate of interest than was allowed by the law of New York.

*Held*, also, that inasmuch as said bank had ceased to be the owner of the first
note, its charge of exchange upon the draft which was used to take up the
same, did not render the transaction usurious.

APPEAL from the Circuit Court for *Milwaukee* County. June Term, 1860.

This was an action by *Richards, Smith, Garret Vliet,* and *Jasper Vliet,* to vacate a judgment entered against them in the circuit court for Milwaukee county, on the 10th of October, 1857, in favor of the Globe Bank. The following is the statement of the *facts,* as found by the judge of the circuit court: "First. The judgment complained of was for $5,000 and costs, and was entered upon a warrant of attorney to confess judgment. The note for the amount of which it was entered, is dated on the 7th of August, 1857, at Milwaukee, Wis., where it was actually executed' by *Richards* and the two *Vliets.* It was delivered to the defendant at Milwaukee, Wis., by one Mason, the agent of the plaintiffs, executed as aforesaid, and then forwarded to New York (where it was made payable at the office of Wm. J. Bell & Co.) for the signature of *Smith.* The warrant of attorney which accompanied said note, was executed and delivered in precisely the same manner, and contains a correct description of said note—referring, however, to it as being of even date therewith, when its date is left blank, the same never having been filled up. They are both on the same piece of paper, but in different instruments, and are mostly printed blanks, the note for which judgment was confessed being the one intended to be described in the said warrant of attorney.

Second. The pleadings and testimony, I think, establish the following facts as to the origin of this note: The plaintiffs were the directors of the Milwaukee & Horicon Railroad Company, a Wisconsin corporation, operating a railroad extending from Milwaukee into the interior of the state. The plaintiff *Smith* was the president. The defendant is a banking institution, organized under the banking law of this state, and having its place of business in this city. On the 10th day of June, 1857, the plaintiffs made their promissory note for the same amount as the one in question, payable at the same place, to the order of said *Smith,* in sixty days. They negotiated it to one Clark, who sold it to one Asahel Finch, and from him the defendant purchased it. The bank sold it to W. J. Bell & Co., of New York, and at the time it was

RICHARDS et al.<br>v.<br>GLOBE BANK.

about maturing, Bell & Co. had pledged it as collateral in some bank in that city.

When the note was about falling due, *Smith*, and Finch who was president of the bank, entered into an arrangement in the city of New York, where they both were at the time, by which the defendant was to take up the note, and the plaintiffs were to execute a new note for the same amount, and payable at the same place, together with a warrant of attorney to confess judgment thereon in case of non-payment. This was actually carried out, when Finch returned to Milwaukee shortly afterwards, by giving the note and warrant of attorney upon which the judgment complained of has been confessed. The bank discounted the new note as follows: Both note and warrant of attorney were delivered to defendant by said Mason, as the agent of the plaintiffs, at Milwaukee. They were executed when so delivered, by *Richards* and the two *Vliets*. The defendant then forwarded it to Wm. J. Bell, New York City, for the signature of *Smith*, together with a draft with which to take up the old note. The draft was then applied to the payment of the old note, which was cancelled and delivered to *Smith*, who, at the same time, signed the new one. The bank required and took current exchange on New York upon the draft, besides interest on the note at the rate of 10 per cent. per annum. That rate is allowed by the law of Wisconsin, in favor of banks, while the rate of interest in New York is 7 per cent. per annum, and contracts for a higher rate are declared to be void.

Third. The money raised upon these notes by the plaintiffs was for the use of the Horicon Railroad Company, and was actually used by that company about its business in Wisconsin. All the plaintiffs were citizens and residents of this state, where they were all domiciled at the time of these transactions, and the same is the case with Mason and Finch. *Smith*, at the time, had been several months in New York engaged in the business of the Horicon Railroad Company, but had not lost his residence here. As soon as *Smith* had executed the note, it was returned to the bank.

Fourth. I think the letters and monthly statements of Wm. J. Bell & Co. to the bank, taken in connection with the

books of the bank, and the testimony of Mr. Finch, show that neither the bank nor Finch owned the first note, but they had really disposed of it. The bank had therefore a legal right to receive exchange upon the draft. The note was beyond their control, and they could not renew it. They could only procure it by paying it, which they did with the draft."

Upon these facts, the court found, as conclusions of law: 1. That the warrant of attorney was valid, notwithstanding the omission of the date thereof, and that the note on which judgment had been confessed, was sufficiently identified as the one therein described. 2. That a contract made *bona fide* in Wisconsin, but to be performed in New York, and stipulating for a rate of interest allowed by the law of this state, but not by that of New York, "is not usurious here or elsewhere, and ought to be enforced solely with reference to our law as to usury;" "that the laws of this state were the only laws to which reference was had" in the making of the note in question, "and are now the only laws which can apply;" and that the note was, therefore, not usurious. To these conclusions of law the plaintiffs excepted.

Judgment for the defendant.

*S. Park Coon* and *H. F. Prentiss*, for appellants:

1. The note was usurious and void by the law of New York. Story on Conflict of Laws, §§ 298 *et seq.; Smith vs. Smith*, 2 John., 235; *Thompson vs. Vulchan*, id., 255; *Hicks vs. Brown*, 12 id., 142; *Ludlow vs. Van Rensselaer*, 1 id., 94; *Jacks vs. Nichols*, 5 Barb., 38; *Hyde vs. Goodnow*, 3 Coms., 266; *Commonwealth vs. Bassford*, 6 Hill, 575; 3 Wheat., 184; 13 Peters, 65. 2. The warrant of attorney was void for uncertainty. *Man. Bank vs. St. John*, 5 Hill, 497; *Gee vs. Lane*, 15 East, 592; *Dilley vs. Van Wie*, 6 Wis., 212. 3. The contract is one which the bank had no corporate power to make. *Bank of Chilicothe vs. Swayne*, 8 Ohio, 257, and cases there cited.

*Finches, Lynde & Miller*, and *O. H. Waldo*, for respondent.

1. The warrant of attorney was sufficient to authorize the entry of the judgment. *Lee vs. Mass. Fire Ins. Co.*, 6 Mass., 208; *Harrison vs. Trustees of Phillips Academy*, 12 id., 456;

June Term, *Rapley vs. Price*, 4 Eng. (Ark.), 428; 6 Wis., 80.   2. The
1860.
                law of Wisconsin must govern the contract in determining
RICHARDS et al. the question of usury.   *Depau vs. Humphreys*, 20 Martin (8
v.
GLOBE BANK. N. S.), 1; *Chapman vs. Robertson*, 6 Paige, 627, 634; *Peck vs.
Mayo*, 14 Vt., 33; *Atwater vs. Roelofson*, 4 Am. Law Reg.,
549; 2 Parsons on Cont., 94; *Fisher vs. Otis*, 3 Chand.,
101–2; *Harvey vs. Archbold*, 21 E. C. L., 412; *Fitch vs. Re-
mer*—opinion by Judge McLEAN in U. S. circuit court, not
yet published.

November 19.   *By the Court*, COLE, J.   We fully concur in the views ex-
pressed by the circuit court upon the evidence in this case,
and as to what facts are established by it.   We also think
the conclusions of law drawn from these facts are correct and
sound legal propositions.   The objection taken to the war-
rant of attorney, that it was not such an instrument as is
contemplated by the statute to authorize an entry of judg-
ment upon, appears to us entirely untenable.   The warrant
of attorney recites :   " That whereas the subscribers are justly
indebted to the *Globe Bank*, upon a certain promissory note,
bearing even date herewith, payable sixty days after date
thereof, to said bank or order, at the office of Wm. J. Bell
& Co., in New York, the sum of five thousand dollars, with
interest after due at the rate of ten per cent. per annum until
paid.   Now therefore," &c., making and appointing, in the
usual manner, an attorney to appear and confess judgment
in favor of the bank or its assigns, upon the note.   Now the
particular defect ascribed to this warrant of attorney is, that
it describes the note upon which judgment was to be entered,
as one " bearing even date herewith," while, in fact, the
warrant of attorney was not dated at all.   It appears that
the warrant of attorney was a printed blank, and, undoubt-
edly through inadvertence, the date was not filled in when
the instrument was executed.   The warrant of attorney and
the note were upon the same piece of paper, though in dif-
ferent instruments, and were mostly printed blanks.   The
note was properly dated, and there could be no doubt in re-
spect to the note intended to accompany the warrant of at-
torney, and upon which the judgment was to be entered.

And although the date was thus omitted from the warrant of
attorney, we do not think we should be authorized in declar-
ing it void for that reason.   Our statute requires that the
authority for confessing a judgment shall be in some proper
instrument distinct from that containing the bond or contract,
and we can but think that the authority in this case was a
sufficient warrant of attorney in all respects.   Sec. 13, chap.
102, R. S., 1849.

Neither do we think there is any ground for saying there
was usury in the note in question.   The note was dated at
Milwaukee, and made payable in New York city, with in-
terest after due at the rate of ten per cent. per annum.   The
makers of the note were directors of the Milwaukee & Hori-
con R. R. Co., a corporation of this state, and were citizens
of this state, and executed the note here, except *Smith*, who
executed the same in New York city, being temporarily ab-
sent there on business of the company.   The railroad, for
whose use and benefit the loan was made, was a corporation
organized under the laws of Wisconsin, having its principal
office in Milwaukee, and operating its road here.   The mon-
ey was obtained of the bank in Milwaukee, also a corpora-
tion of this state, and, although the note was made payable
in New York, at a rate of interest exceeding the legal rate
of that state, still it was no more than the bank was author-
ized to contract for by the laws of this state, and hence
would repel all presumption that the parties resorted to this
expedient to avoid our laws upon usury.   Had the note been
made payable in Wisconsin, or generally, there would have
been no ground for saying that it was usurious.   It would
have been a valid contract, and one which the courts of this
state would have enforced.   The interest agreed to be paid
was the legal and ordinary rate charged by our banks on
discounting paper and making loans.   Why then should not
the contract be governed by the laws of this state, instead of
the usury laws of New York?   Is there any reason for say-
ing that the parties contracted with reference to the laws of
another state, and not this?   We can see none.   Does the
circumstance that the note was made payable in New York,
render it a New York contract, to be governed by the laws

June Term, 1860.

of that state in respect to usury? Upon this point, the authorities cited by the counsel for the respondent, are too clear and emphatic to leave room for doubt. They certainly establish the proposition, that if the rate of interest be specified in the contract, and it be according to the law of the place where the contract was made, though that rate be higher than is lawful by the law of the place where payment is to be made, still the contract will be valid and binding. *Depau vs. Humphreys*, 4 Cond. La. R., 403; *Chapman vs. Robertson*, 6 Paige, 627; *Pratt vs. Adams*, 7 id., 615; 2 Kent's Com., p. 460; *Pecks vs. Mayo*, 14 Vt., 33; *Fisher vs. Otis*, 3 Chandler, 83; *Atwater vs. Rœlofson*, 4 American Law Reg., 550. See also a recent opinion of this court, *Newman vs. Kershaw*, where this question is quite fully discussed. "The general doctrine is," says Chancellor KENT, "that the law of the place where the contract is made, is to determine the rate of interest where the contract specifically gives interest; and this will be the case though the loan be secured by a mortgage on land in another state, unless there be circumstances to show that the parties had in view the laws of the latter place in respect to interest." The rule thus laid down is adopted in *Newman vs. Kershaw*. We therefore think that under the facts of this case, the contract must be considered as a contract of this state, and that our laws are to control its validity in respect to the interest, though made payable in New York, where the rate of interest is less.

It follows, from these views, that the judgment of the circuit court, dismissing the appellants' complaint, must be affirmed.