## THE STATE OF IOWA;

DES MOINES, DECEMBER TERM, A. D. 1860.

In the fifteenth year of the State.

PRESENT:

HON. RALPH P. LOWE, CHIEF JUSTICE.
"     CALEB BALDWIN,  } JUDGES.
"     GEO. G. WRIGHT. }

## BUTTERS v. OLDS, et al.

1. INTEREST: LEX LOCI. Interest due by express contract, or as damages, is computed in accordance with the laws of the place where the contract is made.
2. SAME. Where a contract is made in one State, to be performed in another, interest thereon will be computed in accordance with the laws of the place of performance, unless the parties stipulate for a rate of interest allowed by the laws of the State in which the contract was made.

*Appeal from Mitchell District Court.*

SATURDAY, OCTOBER 6.

FORECLOSURE of a mortgage. The notes, and the mortgage given to secure the same, were made in Iowa, between parties residing here, *payable* in *New York*, with interest at

VOL. XI.       1

the rate of *ten per centum* per annum. The answer sets up, among other things, that these notes were usurious under the statute of New York, (which is set out,) and therefore void. To this part of the answer there was a demurrer, which was sustained, and from the ruling thereon defendants appeal.

*D. W. Poindexter* for the appellant, relied upon *Fanning* v. *Consequa*, 17 John. 518; Story Conf. Laws, sections 241 246, 280–282, and 304, note 1, 304a, 305, 311a and the note to 312; *Sherman et al* v. *Garrett et al.*, 4 Gil. R. 525; *Robinson* v. *Blanel* v. *Burr*, 1077; *Van Shaick* v. *Edwards*, 2 John. C. 355; *Thompson* v. *Ketchum*, 4 John. R. 287; *Shenville* v. *Hopkins*, 1 Cow. 105; *Commonwealth* v. *Bassford*, 6 Hill. 528; *Cox et al* v. *The United States*, 6 Pet. 198; *Andrews* v. *Powel*, 13 Ib. 77; *Peck et al* v. *Mayo & Follet et al*, 14 Verm. 36; 2 Kent Com. 457–461, and notes.

*J. O. Crosby* for the appellee, cited Par. Mer. L. 321, and cases cited in note 3.

WRIGHT, J.—The general rule may be stated thus: Interest, whether due by express contract or given as damages by the law, is due according to the rate allowed by the law of the place where the contract is made; and this for the reason that if not otherwise indicated, it will be presumed that the contract was to be performed there. But if the contract is made with reference to the laws of another country, and to be performed there, interest is to be calculated according to the law of the place of performance, *unless it is otherwise stipulated in the contract.* (1 Am. L. C. 519, and cases there cited.) If the rate of interest in the place of the contract differs from that in the State where it is to be performed, it is competent for the parties to stipulate for the rate of interest in either locality, and thus by their own contract determine which law shall govern this incident thereof. *Peck* v. *Mayo*, 14 Verm. 33; Parson's Mercantile Law, 321.

In this case the parties did expressly stipulate by their contract for the rate of interest allowed by our statute, and the demurrer to the answer was therefore properly sustained.

Judgment affirmed.