AUSTIN v. WALKER ET AL.

1. **Usury**: SALE OF GOLD. A note and mortgage executed to secure a loan of gold at a higher rate of premium than the market value of the gold are usurious.

2. ———: ———: RULE APPLIED. A. loaned $1,700 in gold to W., stipulating that although the market value of gold was ten per cent premium he should receive fifteen per cent, and the note and mortgage were executed in accordance therewith: *Held*, that the transaction was usurious.

*Appeal from Wapello Circuit Court.*

THURSDAY, APRIL 5.

THIS is an action upon a note of $2,000, dated September 28, 1874, payable in one year, with interest at the rate of ten per cent, and for the foreclosure of a mortgage executed to secure the same.

The answer alleges that the note and mortgage are usurious. The court found that by mistake the note was executed for $45 too much, and rendered judgment against the defendant, John S. Walker, for $2,254.69, the amount of said note and interest, deducting said $45, and against the defendants, John S. and R. B. Walker, for $100, attorneys fees, and $7.50, the cost of keeping the mortgaged premises insured, and foreclosed the mortgage. The defendants appeal. The facts are stated in the opinion.

*Stiles & Burton,* for appellants.

*A. W. Garton* and *Wm. McNett,* for the appellee.

DAY, CH. J.—I. The following facts are undisputed: On the 28th day of September, 1874, the defendant, John S. Walker, was desirous of negotiating a loan from plaintiff, and on that day he procured from plaintiff $1,700 in gold coin, and executed his note therefor for $2,000, payable in one year, with interest at ten per cent. At that time the premium upon gold was from 9¾ to 10 per cent.

1. USURY: sale of gold.

The defendant testified that he was to allow 10 per cent premium upon the gold, and was to pay 15 per cent interest for the use of the money; that the ten per cent premium and 5 per cent interest were taken out of the sum called for upon the face of the note, and that the arrangement was made as a cover for usury.

The plaintiff, upon the other hand, testifies that he told defendant that he had no currency to loan; that he had gold coin deposited in the bank; that he did not wish to sell it at the then current premium, and would not sell it unless he got 15 per cent; that it was a gold transaction, and the agreement was to pay 15 per cent premium upon the gold and ten per cent interest on the loan, and that he had no intention direct or indirect to take more than ten per cent interest upon the note. Plaintiff further testified that he sold the gold for 5 per cent above the market value of gold at that time, and that about or near that time he sold gold for 10 per cent premium.

The court found: "That the consideration for which said note was given was the sale of two thousand dollars in gold coin, by plaintiff to defendant, at an agreed premium of 15 per cent on the same, and that in the calculation of said premium there was a mistake of forty-five dollars against the defendant," and, upon the issue of usury presented by the pleadings, the court found for the plaintiff. It is claimed by appellee that these findings stand as the verdict of a jury, and cannot be disturbed unless clearly unsupported by the evidence. This would be true if the findings were purely findings of fact. But, in this case, a finding that the transaction between the parties was a sale of gold, and not an usurious loan, partakes more of the nature of a legal inference or conclusion than of a mere finding of facts, and no presumption in favor of it can be indulged in by this court.

What, then, are the facts? The defendant applied to plaintiff for a loan to discharge a mortgage, which, it seems, was about to be foreclosed. Defendant obtained in gold coin $1,700, at the current rate of premium equivalent to not more than $1,870. For this he executed his note secured by mortgage, for $2,000, payable in one year, with interest at the rate

of ten per cent. The bald fact appears that the note was executed bearing the highest legal rate of interest, for $130 more than the sum realized in currency. In *Clark v. The City of Des Moines*, 19 Iowa, 199, it was held that city warrants, issued by a municipal corporation, in payment of a judgment at the rate of one dollar in warrants for every seventy-five cents due on the judgment, are tainted with usury. In that case it is said: "If I purposely and knowingly give my note for $100, payable on demand, in satisfaction of a debt or judgment of only $75, it is prima facie, and perhaps conclusively usurious." In *Arnold v. Potter*, 22 Iowa, 194, it is said: "The form of the transaction is nothing, the cardinal inquiry being, when the contract specifying the amount reserved is express, did the parties resort to it as the means of disguising the usury in violation of the laws of the State where the contract was made or to be executed. And, in arriving at this intention, all of the facts are to be taken into consideration."

In view of the facts shown by the testimony, the statement of plaintiff that there was no intention to exact more than ten per cent for the use of the money, is entitled to but little consideration. Intention cannot well be established by direct testimony. It is most satisfactorily determined from conduct, relations and actions. And judging the intention in this case from the value of gold and the relations of the parties in connection with all the circumstances proved, we have no hesitancy in pronouncing the subterfuge of allowing and exacting five per cent more for gold than its real market value a mere cloak for the cover of usury, and that the note is in fact usurious.

II. The mortgage contains an agreement to pay ten per cent upon the amount of the debt as attorneys fees, in case it becomes necessary to institute proceedings to foreclose the mortgage. The court allowed $100 as attorney's fees. Appellants claim that plaintiff should have been allowed only the sum of $40 as attorney's fees, because he had an agreement with his attorney to foreclose the mortgage for that amount.

The evidence, however, we think, fails to show an absolute

agreement with the attorney to foreclose the mortgage for that amount, if it should be contested.

For the error of the court in holding that the note was not usurious, the judgment is reversed, and the cause is remanded for further proceedings in harmony with this opinion.

REVERSED.