HART v. WILLS ET AL.

I. **Promissory Note:** PLACE OF CONTRACT: USURY. A note bearing date in another state and signed by one maker there, but which was signed by the others and delivered in this State, is an Iowa contract and is governed by the laws of this State relating to usury.

*Appeal from Decatur District Court.*

THURSDAY, OCTOBER 9.

THE plaintiff as administrator of the estate of Wm. M. Hart, deceased, brings this action upon a promissory note of which the following is a copy:

"$1,200.          PRINCETON, Mo., SEPTEMBER 1, 1876.

"One year after date, we or either of us, promise to pay to the order of Wm. M. Hart the sum of twelve hundred dollars, for value received, to bear ten per cent interest per annum from date. If the interest in not annually paid, to become as prin-

cipal, and bear the same rate of interest, payable without defalcation or discount. And I do hereby relinquish and waive all rights to the benefits of all laws in force in this state, exempting personal property from levy or forced sale on any judgment, execution, attachment or other legal process in the collection of the above debt, with five per cent per month for damages if collected by attorney.

S. SPRAGUE,<br>
URIAH WILLS,<br>
A. GRIMES."

The defendants pleaded a payment in part, and that the note was usurious. The cause was tried by the court, and the following findings of fact and conclusion of law were submitted:

"1. The note upon which suit is brought was executed under contract partly made in the State of Iowa, and partly in the State of Missouri, but to be performed in the State of Missouri.

"2. That the answer does not allege that the note was usurious under the laws of Missouri, nor plead the laws of the State.

"3. That there was a bonus of five per cent, paid by defendants under the contract."

As a conclusion of the court from the facts, it would not be presumed that a contract so executed, and to be performed in another state, was an unlawful contract, without proof. As the presumption necessarily would be that it was in consonance with the laws of the state in which the contract was to be performed; that usury as against the laws of Missouri must be both pleaded and proven in this court. Judgment is, therefore, ordered on the note less credits, with attorney's fees, and the clerk is ordered to assess the same." Judgment was entered against the defendants for $1,199.32, and $80 attorney fee. The defendants appeal.

*Warner & Bullock*, for appellants.

*Harvey & Young*, for appellee.

DAY, J.—The court, we think, erred in holding that the contract upon which the note was executed was to be performed in Missouri, and that the law of Missouri was the *lex loci contractus.* The evidence shows the following state of facts: The note in question was given for money borrowed in equal sums by Uriah Wills and S. Sprague. A. T. Grimes is a surety upon the note. The defendants Wills and Sprague had some conference in Iowa with the plaintiff, Buton Hart, respecting Wm. M. Hart, who lived in Missouri. Subsequently the defendants Sprague and Buton Hart visited Wm. M. Hart in Missouri, where the note in question was signed by Sprague. Wm. M. Hart then gave Buton Hart a package of money to bring to Iowa, and directed him, when the note was executed by the other parties, to pay the money to the defendants. Wills and Grimes signed the note in Decatur county, Iowa, and then the note was delivered and the money was paid over. Under these circumstances the note must be regarded as an Iowa contract, and governed by its laws. In Second Parson's on Notes and Bills, page 327, it is said: "The *lex loci contractus* depends not upon the place where the note or bill is made, drawn, or dated, but upon the place where it is delivered from drawer to drawee, from promissor to payee, from indorser to indorsee. It has been frequently stated that a note is nothing until delivered; and that indorsement is not merely writing, but transferring from the hand of the one party to that of the other." See, also, cases cited in note *z.* It is urged by appellee that if no place be designated in a note as a place of payment, the law of the place where it is made determines its construction, obligation and place of payment, citing Second Parson's on Notes and Bills, page 333. This is true if the making of a note be regarded as including the delivery, but not otherwise. The appellee further insists that the dating of the note at Princeton, Missouri, designates that place as the place of payment. No authority is cited in support of this position, and we think it is not maintainable. In *Cook v. Moffat*, 5 How., 295, notes drawn and dated at Baltimore, but delivered in New York in payment of goods purchased there, were held to be payable in and governed by

1. PROMISSORY note: place of contract: usury:

the laws of New York. In that case GRIER, J., said: "Although the notes purport to have been made in Baltimore, they were delivered in New York in payment of goods furnished there, and of course were payable there, and governed by the laws of that place." See, also, other authorities cited in Second Parsons on Notes and Bills, page 327, note z. The court erred in holding that the defense of usury could not be considered. The cause must be remanded for new trial.

REVERSED.