Doyle, J.
The findings and judgment of the court, where a case is tried without the intervention of a jury, will not be disturbed by this court, unless such findings and judgment are clearly against the weight of the evidence In the present case, the testimony, beyond what appears upon the face of the note, consists solely of that given by the two parties, Scott and Perlee. Which of them was to be believed, was a matter properly to be determined by the court trying the case, and if the judgment can fairly be sustained upon the testimony of either, it ought not to be reversed. Landis v. Kelly, 27 Ohio St. 571.
The court might well find from this testimony, if the plain *66 tiff was believed,that in the summer of 1870, the plaintiff Avas in Fairbury, Illinois, where the defendant, Andrew J. Scott, resided ; that the latter, desiring money to carry on some building enterprises in which he Avas engaged, in Illinois, applied to the plaintiff, who Avas his brotlier-in law and visiting him at the time, for a loan, agreeing to pay him therefor ten per cent, interest; that the plaintiff agreed to make the loan upon the terms named, upon defendant’s note, with Henderson W. Scott, who lived in Ohio, as surety, and that without any further arrangement Scott wrote the note at Fairbury, at which place he dated and signed it; that it was then sent to Ohio to the surety, who signed it and delivered it to the payee, receiving the money in this state and forwarding it to the principal, and that the parties intended in good faith, to contract with reference to the law of Illinois, as to the rate of interest to be paid for the use of the money.
The question presented for our consideration therefore is, whether such a contract, thus made, is usurious? That this contract Avas executed in Ohio may be conceded; although signed in Illinois by the principal debtor and there dated, it was delivered in Ohio and was not a completed contract until delivery. The fact that the loan was negotiated for in Illinois in accordance with the written terms of the note, is not insignificant, however, in determining the intention of the parties to contract with reference to Illinois law. Findlay v. Hall, 12 Ohio St. 612. It is then, the case of a citizen of Illinois, executing his note in Ohio, in pursuance of an arrangement previously made in Illinois, for money borrowed to be used in the latter state, with an agreement to pay interest according to her laws, not intending or attempting thereby to evade our usury laws, but in good faith. Is such a contract tainted with usury?
Since the cases of Finlay v. Hall, 12 Ohio St. 610, and Kilgore v. Henypsey, 25 Ohio St. 413, it is undoubtedly the law of this state, and indeed it is noAV well established almost universally, that where a contract is entered into in one state, to be performed in another, between citizens of each, and the rate of interest is different in the two, the parties may, in good faith, stipulate for the rate of either, and thus expressly deter *67 mine with reference to the law of which place that part of the contract shall be decided. Where such a contract, in express terms, provides for a rate of interest lawful in one but unlawful in the other state, the parties will be presumed to contract with reference to the laws of the state where the stipulated rate is lawful, and such presumption will prevail until overcome by proof that the stipulation was a shift to impart validity to a contract for a rate of interest, in fact usurious. Fisher v. Otis, 3 Chandler, 102; Butters v. Old, 11 Iowa, 1; Arnold v. Potter, 22 Iowa, 198; Newman v. Kershaw, 10 Wis. 340; Horsford v. Nichols, 1 Paige Ch. 225 ; Townsend v. Riley, 46 N. H. 300; Depau v. Humphreys, 20 Martin (La.) 1; Fanning v. Consequa, 17 Johns. 511; Pratt v. Adams, 7 Paige, 615 ; Chapman v. Robertson, 6 Paige, 627; Richards v. Globe Rank, 12 Wis. 696.
If the parties to the note in question had expressly stipulated in the note, that it was payable in Illinois, the contract to pay ten per cent, interest would be perfectly valid, although the note was executed in Ohio. Is it rendered invalid by reason of the omission to make that express stipulation ? It is not entirely settled, by the authorities, where this note, as a matter of interpretation, is payable, there being no place expressly stipulated; but the weight of authority and the sounder reason, we think, sustain the proposition, that a note dated and signed at the place of residence of the" debtor, and containing stipulations, lawful under the laws of such place, but forbidden by the law of the residence of the creditor, or where the note was completed by delivery and no other place of payment is named, will be presumed to be payable at the former place, assuming of course that no attempted evasion of the usury law of the latter is proved. In other words, in the absence of any proof the presumption of law is that the note in question is an Illinois contract, and is valid both as to principal and interest. To overcome this presumption the actual facts may be shown. It is shown that the contract was delivered in Ohio; but, taken in -connection with the other facts proved, that does not overcome the presumption that it is paj^able in Illinois, where the debtor resides, where *68 lie dated and signed bis contract, and where alone it is legal according to all of its terms. 2 Parsons on Contracts, 584, and cases cited ; Daniels’ Neg. Inst. §. 90; Arnold v. Potter, 22 Iowa, 198; Tillottson v. Tillottson, 34 Conn. 336; Jewell v. Wright, 30 N. Y. 264. Where such express stipulation 'would uphold the contract, if the same thing can fairly be inferred from what is stipulated, it will likewise be upheld.
But, while we believe that this contract can be thus sustained, it is not necessary to place the decision upon that ground. There is no reason why a citizen of Illinois, or any other state, may not come into Ohio and borrow money to be used in the state of his residence, and in good faith contract with reference to the laws of the latter state, independently of where his note is executed or where it is legally presumed to be payable. In such case the only question is one of good faith. Did he honestly contract with reference to the law of his allegiance, the law of the state or country where he lives?
In Arnold v. Potter, 22 Iowa, 194, the note was made by a citizen of Iowa, in Massachusetts, payable in New York, and the court instructed the jury that “ If defendant went to Boston and urged the loan and promised ten per cent, under the laws of Iowa, and all the arrangements and contracts were made as to the laws of Iowa, in good faith, then the defense fails and plaintiff can recover. If the parties in good faith loaned and borrowed the money sued for with a full understanding that the law of Iowa was to govern as to the interest, then the laws of New York and Massachusetts can have no influence, but the understanding of the parties must prevail.” The supreme court in affirming this charge say : “ The form of the transaction is nothing, the cardinal inquiry being when the contract specifying the amount reserved is express, did the parties resort to it as a means of disguising the usury in violation of the laws of the state where the contract was made or to be executed, and in arriving at this intention all of the facts are to be taken into consideration.”
It is true that in • this case, like Chapman v. Robertson, supra, security was given by mortgage upon lands in the state of the debtor’s residence, but the fact that security is *69 given for a note does not alter the terms of the note. But such fact has significance in determining what the intention of the parties was, as to the laws of which state their contract had reference, or by which it was to be construed. Newman v. Kershaw, 10 Wis. 341; Fisher v. Otis, 3 Chandler, 83; Horsford v. Nichols, 1 Paige Ch. 225 ; 2 Kent Comm. 12 Ed. 460, bottom p. 623.- It is a fact of no greater significance than is found in this case, where the borrower actually negotiated for the loan in the state of his residence, dated his note there, and stipulated for interest allowed by her laws. See Horsford v. Nichols, supra; 10 Wis. 340.
In a recent case, Kellogg v. Miller, 13 Federal Reporter, 198, decided by McCrary, O. J., in the circuit court of Nebraska, he held, upon a state of facts very like those recited in this case. except that there was a mortgage security, that the contract was valid upon both grounds assumed in this opinion, first, because the contract was to be performed in Nebraska, and second, the ground we are now considering, “ A citizen of one state may loan money to a citizen of another state, and contract for the rate of interest allowed by the laws of the latter state, although the legal rate of interest allowed is greater in such state than in the state where the contract is made, and in which it is to be performed.” See also Tilden v. Blair, 21 Wall. 241, and comments thereon of Folger, J., in 77 N. Y. 580, that the ruling consideration of that case was the intention of the parties, that the draft should be used in Illinois, as a contract of that state, although accepted' and payable in New York. Wayne Co. Savings Bk. v. low, 6 Abb. N. C. 76, 95, affi’d 81 N. Y. 569 ; 2 Kent Com. 12 Ed. bottom p. 622-625, and note ; Vliet v. Gamp, 13 Wis. 208. Indeed these cases are but applications of the rule as given by Lord Mansfield. “ The law of the place can never be the rule, where the transaction is entered into with an express view to the law of another country, as the rule by which it is to be governed.” Robinson v. Bland, 2 Barr, 1078. The place of making the contract is not to be so exclusively regarded, but that when the contracting parties had reference to another place that may be regarded; that is, the intention of the parties shall govern when it is made manifest. Fisher v. Otis, supra. That the parties *70 here entered into this contract in good faith with reference to the laws of Illinois, there can be no doubt. The law of Ohio never entered into the transaction so far as the intention of the parties can be ascertained. There was no intention to make an illegal contract; and to hold it illegal, we must be able to say that the mere fact that Scott forwarded this note to his surety for his signature, and that it was signed and delivered by the surety in Ohio, and the money there paid (more than probably as a mere matter of convenience), has the effect of defeating the intention of the parties. It is difficult to perceive upon what principle we should so find.
We do not in thus holding encourage two citizens of Ohio to attempt to contract here, for money to be used here, and make their notes payable in another state; nor, in any way, relax the strictness of the rules which prevent any form of evasion of the law against usury; but we hold that it is not repugnant to such law for a person to contract with reference to the law of his domicil, for money to be used there, where no such evasion is sought or intended. Judgment affirmed,.