EVELINE BIGELOW, Appellant, v. ROLLIN BURNHAM, Appellee.

Promissory Note: PLACE OF PAYMENT: USURY. Where a promissory note purported on its face to have been made in Iowa, but the evidence showed that it was in fact made and delivered in the state of New York, where the payee resided, *held*, that in the absence of evidence as to where the indebtedness for which the note was given was incurred, or where the consideration therefor was delivered, or of any agreement, as to the place of payment, it must be presumed to be payable in Iowa, and, being valid under the laws of that state, it would not be held void because the rate of interest provided therein is usurious under the laws of the state of New York.

*Appeal from Buena Vista District Court.*—HON. LOT THOMAS, Judge.

FRIDAY, MAY 29, 1891.

ACTION on a promissory note. There was a verdict, under the direction of the court, for the defendant. The plaintiff appeals.—*Reversed*.

*Nagle & Birdsall* and *T. D. Higgs*, for appellant.

*C. A. Irwin* and *Wm. Milchrist*, for appellee.

BECK, C. J.—I. The promissory note is in the following language: '

"STORM LAKE, BUENA VISTA Co., IOWA.

"For value received I promise to pay Rufus Burnham or bearer eighteen hundred and fifty-eight dollars and sixty-three cents, within one year from date, with interest at seven per cent. May 2, 1885.

"ROLLIN BURNHAM."

The answer of the defendant admits the execution of the note in suit, but alleges that it was executed and delivered in the state of New York, and that under the laws of that state it is usurious and void. The statutes of New York declare that all notes and other contracts, providing for the payment of interest at a rate greater than six per centum per annum, shall be void. The evidence shows that the note in suit was signed in New York, and delivered there, and that the plaintiff at the time, and both prior and subsequently thereto, resided, and still does reside, in Storm Lake, in this state, and the payee of the note resided in New York. It is not shown where the indebtedness was incurred for which the note was given, nor where the consideration therefor was delivered to and received by the plaintiff, nor was there any evidence showing an agreement for

the payment of the note at any specified place. The only facts upon which the case was decided are that the note was executed in New York, and that the payee resided in that state.

II. It is a settled rule that the law of the place where a contract or a note by its terms is to be performed determines the question of its validity. *Butters v. Olds*, 11 Iowa, 1; *Arnold v. Potter*, 22 Iowa, 194; *Burrows v. Stryker*, 47 Iowa, 477; Story on Conflict of Laws, secs. 242, 280, 281; *Andrews v. Pond*, 13 Pet. 65; 2 Parsons on Notes & Bills, 320.

III. The date and place of execution of a promissory note, which appear on its face, and not by mere memorandum entered thereon, raise the presumption that it is payable at that place. The reason of this rule is based upon the fact that the mention of the place is always intended to show that the note was executed there, just as the entry of the date is intended to show the day of execution. In business affairs, and the general affairs of life, the date of an instrument, and the place named in connection with the date, are written thereon, in order to show the day and place of its execution. The law will raise a presumption in accord with this uniform custom of men generally. The place named in a promissory note as the place of execution is usually the place of residence or business of the maker of the paper, and is embodied in the note to show where it may be presented for payment. It follows that the law raises a presumption upon the face of the note of an agreement that it is payable at the place indicated as the place of its execution, and permits it to be enforced under the law prevailing there. 1 Parsons on Notes & Bills [1 Ed.] 441, 442; *Bullard v. Thompson*, 35 Tex. 313; *Orcutt v. Hough*, 54 N. H. 472; *Ricketts v. Pendleton*, 14 Md. 320.

IV. It will not do to presume that the parties entered into a contract, which is void under the laws of

New York, and that they intended that it should be subject thereto. Such presumption would charge them with the folly or the fraud of entering, with their eyes open, into a void contract. Men are not presumed by the law to act in folly or in dishonesty, but rather that they intended in good faith that their acts shall be valid, and what they purport to be. Nor will we by presumption bring the case under the usury law of New York, which is penal in its effects. *Bullard v. Thompson,* 35 Tex. 313; *Thompson v. Powles,* 2 Sim. 194.

V. When a contract is made in one state, to be performed in another, and in express terms provides for a rate of interest lawful in one, but unlawful in the other state, the parties will be presumed to contract with reference to the laws of the state wherein the stipulated rate of interest is lawful, and such presumption will prevail until overcome by proof that the stipulation was intended as a means to defeat the law against usury, and to support a contract otherwise usurious. If it be a *bona fide* transaction the contract will be sustained; if a device for securing usurious interest it will be held invalid. *Scott v. Perlee,* 39 Ohio St. 63; *Newman v. Kershaw,* 10 Wis. 333; *Fisher v. Otis,* 3 Chand. (Wis.) 83; *Richards v. Bank,* 12 Wis. 692; *Hosford v. Nichols,* 1 Paige, 220; *Pratt v. Adams,* 7 Paige, 615; *Fanning v. Consequa,* 17 Johns. 511; *Townsend v. Riley,* 46 N. H. 300; *Arnold v. Potter,* 22 Iowa, 194; *Butters v. Olds,* 11 Iowa, 1. See note to *Martin v. Johnson,* 8 Lawyer's Rep. Ann. 170; 10 S .E. Rep. 1092.

VI. It appears that the rule as to the law of contracts, made in one state to be performed in another, is modified or softened when applied to contracts for interest, so that the intentions of the parties are effectuated, as a concession to trade and commerce. See Daniels on Negotiable Instruments, sec. 922, and cases cited; 2 Parsons on Contracts, sec. 5, p. 94, and cases

cited. *Hart v. Wills*, 52 Iowa, 56, is not in conflict with our conclusions in this case, the note in that case being held to be an Iowa contract upon grounds not inconsistent with our decision in this case.

On the ground that the note upon its face will be presumed to be payable in Iowa, and in accord with other doctrines stated, we reach the conclusion that the judgment of the district court ought to be REVERSED.