FRANK G. BOOZ et al., Appellants, v. TILGHMAN J. BOOZ et al., Appellees.

INSURANCE:   Mutual Benefit—Bastard as Heir and Beneficiary.
1   Written recognition of the paternity of an illegitimate child

constitutes the child an *heir* of the one so recognizing, and consequently renders the child a proper beneficiary in a fraternal certificate of insurance on the life of the father, within the meaning of Sec. 1824, Code, 1897. (See also Sec. 1789, Code, 1897.)

**INSURANCE:** Mutual Benefit—Construction—What Law Governs.
2  A mutual benefit certificate of insurance issued by an Iowa corporation, with proviso for performance in Iowa, is an Iowa contract, and must be construed and applied in accordance with the laws of Iowa.

*Appeal from Linn District Court.*—JOHN T. MOFFIT, Judge.

APRIL 4, 1918.

SUIT in equity to set aside an alleged change of beneficiary in a fraternal benefit insurance certificate, and to declare the original beneficiaries entitled to the proceeds of the policy. Judgment for defendant. Plaintiff appeals.—*Affirmed.*

*Rickel, Dennis & Thompson,* for appellants.

*H. R. Trewin, J. M. Grimm, J. H. Trewin,* and *C. E. Richmann,* for appellees.

STEVENS, J.—Thomas S. Booz, a resident of Pennsylvania, died in that state on the 15th day of October, 1915. At the time of his death, he was a member of the Order of Railway Conductors of America, an organization formed and existing under the laws of the state of Iowa, with its principal place of business at Cedar Rapids, and held a certificate of membership therein for the sum of $2,000. This certificate was issued on or about the 18th day of November, 1904, naming Frank G. and Ethel M. Booz, appellants herein, as beneficiaries. On the 3d day of June, 1913, the insured, in writing, requested that the beneficiary be changed to Tilghman J. Booz, and this was done by the Order, by erasing the names of the original beneficiaries

1. INSURANCE: mutual benefit: bastard as heir and beneficiary.

in the certificate and substituting that of Tilghman J. Booz.

Section 1824 of the Code of Iowa requires that the beneficiary named in a certificate of membership issued by any fraternal association or organization, under the laws of Iowa, shall be the husband, wife, relative, legal representative, heir, or legatee of such member.

It is the contention of counsel for appellant that Tilghman J. Booz was an illegitimate child, and not within any of the classes designated. This action is brought by Frank G. and Ethel M. Booz, who claim they are the legal heirs at law of Thomas S. Booz, and entitled, as such, as well as beneficiaries, to the benefits of said certificate. Tilghman J. Booz, the Royesford Trust Company of West Chester, Pennsylvania, as his guardian, and the Mutual Benefit Department of the Order of Railway Conductors of America are made defendants herein.

The Order of Railway Conductors admits, in its answer, that it issued the certificate in question; that there was a change of beneficiary, as claimed; that it consented thereto; and that Tilghman J. Booz is the beneficiary therein designated; and avers its willingness and ability to pay the insurance to the proper beneficiary, when the same has been ascertained by the court.

It is contended by counsel for appellant: First, that Tilghman J. Booz is not an heir or relative of Thomas S. Booz; and, second, that the insured, at the time of his death, was a resident of Pennsylvania; that he died intestate; and that his legal heirs are to be determined according to the laws of Pennsylvania; that an illegitimate child could not inherit at common law; and that, in the absence of proof to the contrary, it must be presumed that the common law is still in force in that state, and therefore that Tilghman J. Booz is not an heir of his putative father's.

I. The application for a change of beneficiary was in writing, signed and sworn to by Thomas S. Booz. In it,

Tilghman J. Booz is designated as his son. It is not contended by counsel for appellant that the recognition thus made does not meet the requirements of Section 3385 of the Code, but that an illegitimate child does not, by such recognition, become an heir, within the meaning of that term as used in Section 1824 of the Code; that his status is not changed by such recognition, the statute only providing that, in case thereof, he shall take the same share as a legitimate child. The distinction sought to be made is without merit. *McGuire v. Brown*, 41 Iowa 650; *Alston v. Alston*, 114 Iowa 29; *Johnson v. Bodine*, 108 Iowa 594; *Milburn v. Milburn*, 60 Iowa 411; Section 3385, Code, 1897.

II. The defendant order was organized and is doing business at Cedar Rapids, under the laws of this state. The certificate of membership was issued at its office in Cedar Rapids; the premiums were payable there; and the contract, by its terms, is to be performed in the state of Iowa. It is, therefore, an Iowa contract, and must be interpreted, construed, and applied according to the laws of Iowa. *Savary v. Savary*, 3 Iowa 271; *Boyd v. Ellis*, 11 Iowa 97; *Arnold v. Potter*, 22 Iowa 194; *McDaniel v. Chicago & N. W. R. Co.*, 24 Iowa 412; *Burrows v. Stryker*, 47 Iowa 477; *Bigelow v. Burnham*, 83 Iowa 120; *Bigelow v. Burnham*, 90 Iowa 300; *Butters v. Olds*, 11 Iowa 1; Story on Conflict of Laws (8th Ed.), Sections 242, 280, and 281; *Andrews v. Pond*, 13 Peters (U. S.) 65; *Brown & Brammer v. Pearson Co.*, 169 Iowa 50.

2. INSURANCE: mutual benefit: construction: what law governs.

The defendant order makes no contention that Tilghman J. Booz does not come within the class designated by the statute as proper beneficiaries in a certificate of the character in question. The right of the beneficiary named in said certificate must be determined according to the law of Iowa, and not according to the law of Pennsylvania. The proceeds of the certificate do not pass to Tilghman J.

Booz as heir at law, but as the beneficiary named in, and according to the terms of, the contract, and the by-laws of the association. Whether or not he is a legal heir of deceased's is material only on the question whether or not he comes within one of the classes designated by statute as a proper beneficiary in a certificate of the character in suit.

It is true that appellants were originally designated as beneficiaries in the certificate; but the insured exercised his right, under the terms of the certificate, to change the beneficiary, and caused the name of Tilghman J. Booz to be substituted for that of appellants. If the proceeds of the certificate passed to the estate of Thomas S. Booz, a different question might be presented; but the rights of the parties herein rest upon contract, and must be determined according to the laws of this state. The contract was, in all respects, legal in this state, and must be carried out according to its terms.

Other questions discussed by counsel are not controlling or material to appellants. It therefore follows that the judgment of the lower court must be and is—*Affirmed.*

Preston, C. J., Evans and Gaynor, JJ., concur.