BARR, District Judge.
This cause is submitted on demurrer to the bill of complaint, and it presents two important questions touching the jurisdiction of this court:
1. The complainant sues as a receiver appointed by a chancery court in the state of Tennessee, and the first question is whether he *760 can, as such receiver, maintain an action in this court. The general rule is, undoubtedly, that a receiver appointed by a court has no extraterritorial jurisdiction. Booth v. Clark, 17 How. 322. But we think there is a well-established exception to this general rule, and the inquiry here is whether the allegations of this bill are sufficient to bring it within that exception. It appears from the allegations of the bill that the New South National Building & Loan Association was a corporation organized under the laws of the s'tate of Tennessee, and that in a suit in the chancery court of Claiborne county, Tenn., the complainant was appointed and qualified as receiver of all the property, business, and assets of said corporation, and that the defendants were shareholders in said company; that a suit was brought by B. N. Nesterson and others against C. E. Boyden and others in said chancery court, and the proceeding was to declare the corporation insolvent and put it into liquidation. It is also alleged in the bill that said chancery court had jurisdiction of the subject-matter and the parties in said cause; that it had jurisdiction of said corporation and of all of its shareholders, whether formally made parties thereto or not; and that said proceedings were sustained and a decree rendered in March, 1892, adjudging said corporation insolvent, and its affairs were directed to be wound up, to the end that its assets might be distributed first in the payment of its debts, and whatever remained to be distributed pro rata among its shareholders; and the complainant, Bogers, was appointed receiver, and was fully' authorized and directed to execute said decrees, and to bring any 'and all suits necessary to be brought for the collection of the assets of said corporation. It is alleged that Biley was and is a -shareholder in said corporation. It is also alleged that all of the debts of said association have been paid. These allegations being taken for true, we think that the present proceeding is within the exception to the general rule which limits the powers of a receiver to the jurisdiction of the court appointing him. This because of the comity between the states of the Union, which will allow the maintenance of a suit by a receiver appointed by a court of another state, where there are no domestic creditors, and where it is not against the public policy of the state in which the suit is brought. 2 Beach, Mod. Eq. Prac. § 727; Hurd v. Elizabeth, 41 N. J. Law, 1; Metzner v. Bauer, 98 Ind. 427; 20 Am. & Eng. Enc. Law, 242, and cases cited. I had occasion in a case pending in this court to examine the record of the suit of Nesterson v. Boyden in the chancery court of Claiborne county, and have there maintained the right of Beceiver Bogers to maintain an action like this one.
2. It is insisted that as the note sued on is only for $2,000, and as there are some payments which are allowed as credits in the bill, the amount in controversy does not exceed $2,000, exclusive of costs and interest, and that, therefore, this court has not jurisdiction. It is true, from an examination of the bill, and a calculation of the credits given for payments which are stated in the bill, that the amount sued on the note is a little over $1,900. But the bill avers that the contract sued on is a Tennessee contract, and that, by the laws of the state of Tennessee, valid and binding contracts can be entered into between the debtor and the creditor, whereby a debtor agrees *761 Ito pay a' reasonable attorney’s fee to the creditor or his attorney lin the event the debt is sued for, and this contract may be made leither in the note executed for the debt, or the mortgage to secure [the same. It is alleged that the defendant contracted and agreed that if the mortgage indebtedness, or any part thereof, should be collected by or under legal or equitable proceedings, the mortgagor should pay the expense of the collecting, including a reasonable attorney’s fee to the mortgagee, and that the lien of the mortgage should extend to and include all such expenses, and that the same should be included in any judgment awarded for the enforcement of said debt, and for the sale of the mortgaged premises. The obligation of the mortgage is in these words:
“Should the said indebtedness, or any part thereof, secured by this mortgage, be collected by or under legal or equitable proceedings, said first party shall pay all expenses of collection, including reasonable attorney’s fees; and it is agreed that the lien of this mortgage shall extend and include all such expenses, and the same shall be included in any judgment awarded for the enforcement of said debt, or for a sale of the mortgaged premises.”
And it is alleged in the bill that 10 per cent, on the amount sued by the mortgagee would be a reasonable attorney’s fee in the case, and the prayer of the bill is that a sale of said property be made to pay said mortgage debt, together with 10 per cent, thereon, as complainant’s attorney’s fee. The act of 1887-88 gives this court “concurrent jurisdiction with the several courts of suits of a civil nature at common law and equity, where the matter in dispute exceeds, exclusive of interest and costs, the sum or value of $2,000”; and the inquiry here is whether or not this attorney’s fee which is thus contracted for in this mortgage is to be considered as costs, within the meaning of the act, or should it be calculated as a liability, in estimating the amount in controversy? The acts of congress allow an attorney’s fee, which in a case like this is $20, and provide, also, that the fees of the clerk, marshal, and attorney shall be taxed by the judge or the clerk of the court, and be included in, and recorded as part of, the judgment or decree against the losing party. See Eev. St. §§ 821, 983. This, being a contractual obligation to pay the association a reasonable attorney’s fee, is not, we think, in any sense, costs, as mentioned in the act of 1887-88, but is a liability which should be included in estimating the amount in controversy. It is true that in this provision of the contract the attorney’s fee is considered as an expense of collection of the mortgage debt, and it might be argued therefrom that it is not an existing liability as of the date of the bringing of the suit, since it was to be an expense of collection; but, construing the entire contract, it is quite clear that the liability for the attorney’s fee exists at the time of the institution of either a legal or equitable proceeding, and the fee, when ascertained, is to be included in the judgment for the debt and for the sale of the mortgaged premises. In the case of Baker v. Howell, 11 Fed. Ill, Judge Caldwell had occasion to consider whether or not the notary’s fee of $3.50 for the protest of a note for the nonpayment of $2,000 might be added as part of the amount in dispute, so as to give the requisite amount for jurisdiction of his court. He there held—and properly, *762 we think—that the notary’s fee was part of the costs which would b .taxed under the general law as costs of the proceeding, and it wa therefore not to be included in making the jurisdictional amount t give the court jurisdiction. He there clearly draws the distinctioi between that which would be included as costs under the statute an» the general practice, and that which would be based solely on tin contract of the parties litigant. Here the allegation is made tha this contract is valid by the laws of the state of Tennessee, and tha the contract, being valid in the state of Tennessee, should be enforce»: in this court. It is distinctly alleged that a reasonable attorney’s fee is at least 10 per cent, of the amount due, which, if added—and we think it should be—to the amount due on the mortgage note, would .-make more than the jurisdictional amount of $2,000.
We have not overlooked the case of Dodge v. Tulleys, 144 U. S. 451, 12 Sup. Ct. 728, in which the supreme court indicates that, in a deed of trust which is sought to be enforced, an equity court might ad.judge to the trustee a reasonable attorney’s fee as part of the expense of executing the trust, and have it taxed against the trust property, notwithstanding the statute of the state in which the foreclosure pro'Ceedings were pending nrohibited the allowance of such fees. This is because the state statutes cannot control the equity practice in the •'federal courts. But this opinion has no apnlication to the present inquiry, since it is quite clear that a reasonable attorney’s fee, if allowed at all, must be because of the contract of the defendants in the •mortgage, and could not be allowed as costs either by this court, or a state court of Tennessee or of this state. We therefore conclude the demurrer should be overruled, and it is so ordered, and the defendants are given 20 days within which to file their answer.