DYGERT et ux. v. VERMONT LOAN & TRUST CO.

(Circuit Court of Appeals, Ninth Circuit. May 2, 1899.)

No. 501.

1. USURY—WHAT LAW GOVERNS.
   Where a note executed in one state is made payable in another, under the laws of which it is not usurious, while it is usurious under the law of the state where made, the law of the state of performance will govern as to usury.

2. FEDERAL COURTS—FOLLOWING STATE DECISIONS.
   The question whether a promissory note is governed, as to usury, by the law of the state where it was executed and in which suit is brought, or of the state in which it is made payable, in the absence of a state statute on the subject, is one of general law, upon which a federal court is not bound to follow the decisions of the supreme court of the state.

3. USURY—PLEADING—BURDEN OF PROOF.
   The burden of alleging and proving usury in a note rests on the maker when sued thereon, and the plaintiff is not required to allege that the note, when payable in a different state, was so made for convenience and in good faith, and not for the purpose of evading the usury laws of the state where it was executed, and such an allegation, if made, need not be proved.

Appeal from the Circuit Court of the United States for the District of Idaho.

S. C. Herren, for appellants.
A. E. Gallagher, for appellee.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge. On November 17, 1892, the appellants, Albert Dygert and Flora T. Dygert, his wife, executed to the appellee, the Vermont Loan & Trust Company, a promissory note, dated at Spokane, Wash., payable December 1, 1897, for $3,400, with interest after date at 6 per cent. per annum, both the principal and in-

terest payable at Spokane, Wash., interest payable annually according to the six interest coupon notes made at the same time. The interest coupon notes provided for interest after maturity. To secure the payment of the notes, the appellants executed to the appellee a mortgage on real estate in Idaho. The appellee brought suit to foreclose the mortgage. The appellants answered the bill, alleging that the loan was affected by the usury laws of the state of Idaho; that the loan was for $3,000, and that the $400 added to the principal thereof was a commission for making the loan; that said commission was charged in violation of sections 1264-1266, c. 10, Rev. St. Idaho, and is therefore void. Upon the pleadings and the proofs, a decree was rendered in favor of the appellee.

On the appeal to this court, it is conceded that the contract is usurious if it is controlled by the laws of Idaho, but that it is not usurious if tested by the law of Washington, where the notes were made payable. The principal question presented is, by the law of which state is the contract governed? In Andrews v. Pond, 13 Pet. 78, Chief Justice Taney, speaking for the court, said: "The general principle in relation to contracts made in one place to be executed in another is well settled. They are to be governed by the law of the place of performance; and, if the interest allowed by the laws of the place of performance is higher than that permitted at the place of the contract, the parties may stipulate for the higher interest, without incurring the penalties of usury." The language so quoted was approved in Miller v. Tiffany, 1 Wall. 298, 310, and again in Coghlan v. Railroad Co., 142 U. S. 101, 110, 12 Sup. Ct. 150. In Junction R. Co. v. Ashland Bank, 12 Wall. 226, 229, the court said: "With regard to the question what law is to decide whether a contract is or is not usurious, the general rule is the law of the place where the money is made payable." In Bigelow v. Burnham, 83 Iowa, 120, 49 N. W. 104, the supreme court of Iowa said: "When a contract is made in one state, to be performed in another, and in express terms provides for a rate of interest lawful in one, but unlawful in the other, state, the parties will be presumed to contract with reference to the laws of the state wherein the stipulated rate of interest is lawful." Of similar import are Peck v. Mayo, 14 Vt. 33; Healy v. Gorman, 15 N. J. Law, 328; Arnold v. Potter, 22 Iowa, 194; McAllister v. Smith, 17 Ill. 328; Butler v. Edgerton, 15 Ind. 15. In no decision to which our attention has been directed has a different doctrine been held, except in the case of Trust Co. v. Hoffman, 49 Pac. 318, very recently decided by the supreme court of Idaho. In that case the court said: "The other contention of petitioner, that the notes which the mortgage sought to be foreclosed in this case was given to secure were made payable in the state of Vermont, and that, therefore, the contract must be construed by the laws of that state, is not only utterly untenable, but not one single authority of the multitude cited by counsel in his petition supports the contention." The appellants rely upon the ruling of the court in that case, and contend that it construes a statute of the state of Idaho, and therefore creates a precedent which is binding upon this court. But the question involved in that case did not

depend upon the construction to be given to a statute of the state. It was purely a question of general law. The inquiry was, what law shall govern a contract made in Idaho, but made payable in another state? It was not affected by any statute of Idaho. The statutes of that state are silent upon the subject. While it is the duty of a federal court, in a case of doubt as to a doctrine of general law, to lean towards the decisions of the state court (Brown v. Furniture Co., 7 C. C. A. 225, 58 Fed. 286; Burgess v. Seligman, 107 U. S. 20, 2 Sup. Ct. 10; Farmers' Nat. Bank v. Sutton Mfg. Co., 3 C. C. A. 1, 52 Fed. 191), the decisions of the state court are not controlling, and will not be followed, when they are opposed to the underlying principles of the law and the clear weight of authority (Telegraph Co. v. Wood, 6 C. C. A. 437, 57 Fed. 471; Railroad Co. v. Baugh, 149 U. S. 368, 13 Sup. Ct. 914).

It is contended that the court erred in ruling that the complainant was not required to prove the allegation of the bill that the notes were made payable in the state of Washington for its convenience in transacting its business, and not for the purpose of evading the usury laws of Idaho. The bill contained that allegation. The answer met it with the allegation that the defendants had never "heard or been informed, save by the complainant's said bill, whether said notes and mortgage were made payable at Spokane, Wash., for convenience to plaintiff in the transaction of its business, and not for the purpose and with the intent or design to avoid or evade any of the laws of the state of Idaho, and are therefore without sufficient information either to admit or deny the same." The court held that, the allegation of the bill "not being denied by defendants, no evidence upon the subject was ever given or required, it must be concluded that there was no bad faith in making the notes payable at Spokane, and it must follow that they are not usurious." If it be conceded that the answer does not admit the truth of the averment of the bill, it does not follow that the court erred in ruling that there was no proof of usury in the contract. The burden of proving usury was upon the defendants. 27 Am. & Eng. Enc. Law, 1045; Berdan v. Trustees, 47 N. J. Eq. 8, 21 Atl. 40; Kihlholz v. Wolf, 103 Ill. 362; Valentine v. Conner, 40 N. Y. 248. It was unnecessary for the complainant to allege in its bill that the notes were made payable in Washington in good faith, and not for the purpose of evading the usury law of Idaho. It was for the defendants to make the plea of usury, and to allege the facts in which it consisted, and, if it was believed that the notes were made payable in the state of Washington in evasion of the usury laws of Idaho, the defendants should have averred and proven that fact. The allegation in the bill was superfluous and no proof of it was required upon the part of the complainant. We find no error for which the decree should be reversed. It is accordingly affirmed.