### LEWIS et ux. v. CLARK.

#### (Circuit Court of Appeals, Ninth Circuit. March 1, 1904.)

#### No. 838.

1. **BUILDING AND LOAN ASSOCIATIONS—INSOLVENCY—FORECLOSURE SUIT BY FOREIGN RECEIVER.**

     A building and loan association of Minnesota deposited bonds and mortgages of its members with the state of Wisconsin, in compliance with the law of that state, in order to entitle it to do business therein, and to secure the performance of contracts made with citizens of the state. The association having become insolvent, a controversy arose in the courts of Wisconsin between a special receiver there appointed and the general receiver in Minnesota as to the right to such securities, pending which, however, it was stipulated that they should be collected by the Wisconsin receiver, and they were formally assigned to him by the general receiver. *Held,* that a federal court in Idaho, acting in a spirit of comity, properly permitted such receiver to maintain a suit therein to foreclose a mortgage given by a citizen of the state on property therein which constituted one of the securities so deposited, although he was not entitled to maintain such suit as a matter of right; it not being contrary to any law or public policy of the state, nor in any manner prejudicial to any right of the defendants.

2. **SAME—CONTRACTS WITH BORROWING MEMBERS—EFFECT OF INSOLVENCY.**

     The insolvency of a building and loan association works a rescission of its contracts with its members, and sums borrowed by them become immediately due and payable, regardless of the terms of payment fixed by the contract.

3. **SAME—USURY—LAW GOVERNING.**

     A bond and mortgage given by a member to a building and loan association organized under the laws of Minnesota, payable at its office in that state, are governed by its laws with respect to usury, although the mortgaged property may be situated in another state, where the borrower resides.

---

¶ 1. Suits by and against receivers of federal courts, see note to J. I. Case Plow Works v. Finks, 26 C. C. A. 49.

¶ 3. What law governs usury by building and loan associations, see note to Kirlicks v. Interstate Building & Loan Ass'n, 51 C. C. A. 319.

See Usury, vol. 47, Cent. Dig. § 11.

Appeal from the Circuit Court of the United States for the Central Division of the District of Idaho.

This is a suit brought by M. C. Clark, as receiver of the American Savings & Loan Association, formerly the American Building & Loan Association, to foreclose a bond and mortgage given by Isaac I. Lewis and his wife on property in the state of Idaho to the said American Building & Loan Association. This association is a corporation organized under the laws of the state of Minnesota. Lewis and his wife are citizens of the state of Idaho. In May, 1889, Lewis made application to the association for a loan of $5,000, and in September of that year received such loan or advancement, and the bond and mortgage upon which this suit is based were then executed. The bond was secured by a pledge of all stock owned by Lewis, which was to be the property of the association on maturity of said stock, which Lewis agreed to mature by the payment of certain moneys each month, part being called "interest," and part "dues on the shares of stock," one-half of which was stock called "premium for the privilege of obtaining the loan or advancement." Lewis made these payments monthly up to January, 1896, when he was notified that a receiver of the association had been appointed, and that no further payments would be accepted. The association was declared to be insolvent in proceedings brought in the state court of Minnesota, and William D. Hale was appointed receiver to take charge of the property and effects of the corporation, on January 14, 1896, and on June 18, 1896, he was made permanent receiver of the association. It appears from the record that said association, in order to engage in business in the state of Wisconsin, and in accordance with the laws of said state, deposited with the State Treasurer of Wisconsin, in trust for the benefit and security of all its members in the state of Wisconsin, securities of the value of $100,000. Among the securities so deposited was the bond and mortgage of Lewis and wife, which is sought to be foreclosed in this suit. Thereafter one L. V. Lewis, a member of the association, and a citizen of the state of Wisconsin, brought an action in the state court of Dane county, Wis., to have the bonds and mortgage in the hands of the State Treasurer of Wisconsin placed in the hands of a receiver, for the purpose of collecting them for the benefit of the Wisconsin members. In this action, Receiver Hale, who had been appointed by the Minnesota court, intervened, and claimed that the securities in the hands of the State Treasurer should be delivered to him, as the receiver of the association. In the course of the proceedings in that action, M. C. Clark, the complainant in this suit, was appointed receiver of the association for the state of Wisconsin. The contest between the respective receivers with reference to the securities in the hands of the Treasurer of Wisconsin continued until the suit was dismissed, for want of jurisdiction, by the Supreme Court of the United States, in May, 1901. Hale v. Lewis, 181 U. S. 473, 21 Sup. Ct. 677, 45 L. Ed. 959. Pending the controversy therein, the receivers, Hale and Clark, entered into an agreement, by leave of the Wisconsin court, by which the bond and mortgage in question in this suit were to be assigned and transferred by Hale to Clark. For the purpose of carrying out this agreement, a formal assignment was made by Hale to Clark. Thereafter Clark, the Wisconsin receiver, commenced this suit in the circuit court of Idaho, alleging, among other things, that at the time of his appointment as receiver "the American Savings & Loan Association had no creditors and owed no debts in the state of Idaho." The proceedings in this suit finally resulted in a decree of foreclosure of said bond and mortgage, from which decree Lewis and wife have appealed to this court.

Seldon B. Kingsbury, for appellants.

A. A. Frasier and W. E. Borah, for appellee.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

HAWLEY, District Judge, after making the foregoing statement of facts, delivered the opinion of the court.

It is contended by appellants that the complainant, Clark, as receiver of the Wisconsin court, has no standing in the court in Idaho, and should not have been permitted to maintain this suit, because he is a foreign receiver, and does not represent the association, its officers, membership, or interests; that the only interests which he represents are antagonistic to the whole membership of the association, opposed to the citizens of Idaho, and against the public policy of that state.

It is true that Clark is not the general receiver of the association. He was appointed by the court in Wisconsin for the purpose of receiving and foreclosing the securities which had been deposited with the State Treasurer as required by the statute of Wisconsin, so as to enable it to transact business in that state. His appointment may have been made for the better protection of the members of the association in said state, but it does not necessarily follow that his interests are entirely antagonistic to the association, its members, shareholders, or creditors. The stockholders authorized the deposit of the securities of the corporation in Wisconsin, and the members of the association are not in a position to question the validity of such deposit, or its binding force and effect, as against them.

We are not called upon in this suit to discuss the relative rights of the receivers, Hale and Clark, in order to determine the rights of the shareholders or creditors of the association under the law of Minnesota, who insist that all the securities held by the association should be deposited in Minnesota for the benefit of all the members of the association, nor to discuss the question as to the validity of the statute of Wisconsin requiring the deposit of $100,000 with the State Treasurer as a prerequisite of the right of the said association to transact business in that state.

In Lewis v. American Savings & Loan Association et al., 98 Wis. 203, 73 N. W. 793, 39 L. R. A. 559, the facts relative to the insolvency of the association, the laws of Minnesota and of Wisconsin, the resolution of the board of directors of the association passed May 1, 1889, authorizing the deposit of securities to the extent of $100,000 in compliance with the Wisconsin statute, as well as the appointments of Hale and Clark, are set forth at length, and the validity of such acts and the legal effect thereof are fully discussed. It was there held that the securities deposited in Wisconsin would be presumed to have been deposited in a bona fide attempt on the part of the association to comply with the laws of that state; that the failure of the association to comply with the statutory provisions of the state of its domicile in making such deposit did not render the transfer void, compliance with such provisions having been intended as a matter of local administration merely, and not as a condition precedent to the right to make it; that such deposit was within the lawful power of the association, as represented by its directors, and the action of the directors in making it was binding upon the association and all its members to the extent and according to the terms of the statute under which it was made; that the receiver appointed in Wisconsin was entitled to retain and sell or collect the securities, and apply the proceeds to the redemption in full of all shares held by the residents of Wisconsin, and to the performance and discharge of all the association's con-

tracts and obligations to members and persons residing therein, the residue, if any, to be turned over to the foreign receiver (Hale); that the association and its stockholders had waived the right to question the validity of the trust or the constitutionality of the Wisconsin statute on the ground that they impaired the obligation of contracts, even though in case of insolvency a preference was thereby secured to resident shareholders. See, also, Clark v. Olson (N. D.) 83 N. W. 519.

The shareholders in associations of this character are not, in the ordinary sense, creditors, and, if deemed creditors in any sense, they are necessarily subject to all equities existing between themselves. There were no creditors residing in the state of Idaho whose rights could in any manner be affected, except those who were shareholders in the association. The court did not err in recognizing and permitting the complainant, Clark, as receiver of the Wisconsin court, to bring and maintain this suit in Idaho. Lewis and his wife were not thereby deprived of any of their rights. They could not have made any other defense or availed themselves of any other privilege if the suit for foreclosure had been instituted by Hale, the general receiver of the Minnesota court, or by an independent or ancillary receiver appointed by the court in Idaho. The maintaining of such a suit is not against any public policy or law of the state. It is undoubtedly true that a receiver appointed by a court has no extraterritorial jurisdiction. A receiver in one state cannot maintain suit in the courts of other states as a matter of absolute right, but the courts of other states may, in the exercise of their sound discretion, as a matter of fact or comity, permit such a receiver to bring and maintain such suits. This doctrine of comity which usually prompts the courts to give this permission is almost universally applied, except in the single exception where some well-established right of the citizen of a state intervenes. Enforcement of this rule of comity does not impeach the sovereignty of the respective states, but produces a friendly intercourse between them; and it should only be denied when contrary to the policy of the state, or prejudicial to its real interests or the interests of its citizens. Cole v. Cunningham, 133 U. S. 107, 10 Sup. Ct. 269, 33 L. Ed. 538; Reynolds v. Adden, 136 U. S. 353, 10 Sup. Ct. 843, 34 L. Ed. 360. The suits of this character will also be sustained as an equitable proceeding to facilitate the settlement of the affairs of the insolvent association. The agreements and assignments between the receivers were evidently in furtherance of such a purpose.

In Hale v. Hardon, 95 Fed. 747, 750, 37 C. C. A. 240, the questions presented to the Circuit Court of Appeals were as to how far the defendant, a nonresident stockholder, in that case was bound by the action of the Minnesota court; and, second, whether the plaintiff in that suit, in his capacity as receiver for the creditors, appointed in a proceeding in Minnesota for the purpose of enforcing the liability of stockholders, might, in aid of that proceeding, maintain his action at law for such purpose in another and federal jurisdiction, upon grounds of comity or otherwise. Upon these questions the court, among other things, said:

"We may well observe at the outset that for many years the steady trend of federal decision has been in the direction of upholding and enforcing extra-

territorially this class of liabilities according to the fair intendment of the local law in cases properly within the provisions thereof, except where enforcement would. unreasonably interfere with local vested creditor interests in states where enforcement is sought extraterritorially on grounds of comity, and perhaps, in some cases, where such enforcement would offend the general public policy of the state, while among the courts of the states there has been a diminishing diversity of decisions upon questions growing out of such statutory liabilities. It does not seem necessary to refer to the numerous decisions of the Supreme Court, and those of the various Circuit Courts of Appeal and of the Circuit Courts, so often cited, which sustain this general proposition. We shall therefore only refer, in this connection, to the more recent cases in the United States courts, of Rhodes v. Bank, 13 C. C. A. 612, 66 Fed. 512 [34 L. R. A. 742]; Whitman v. Bank, 28 C. C. A. 404, 83 Fed. 288; Elkhart Nat. Bank v. Northwestern Guaranty Loan Co., 30 C. C. A. 632, 87 Fed. 252; Dexter v. Edmands (C. C.) 89 Fed. 467; and to the more recent decisions of the state courts, as showing the present tendency of judicial decision in such jurisdictions (Bagley v. Tyler, 43 Mo. App. 195; Guerney v. Moore, 131 Mo. 650, 32 S. W. 1132; Ferguson v. Sherman, 116 Cal. 169 [47 Pac. 1023, 37 L. R. A. 622]; Cushing v. Perot, 175 Pa. 66, 34 Atl. 447 [34 L. R. A. 737, 52 Am. St. Rep. 835]; Bank v. Ellis, 172 Mass. 39, 51 N. E. 207 [42 L. R. A. 396, 70 Am. St. Rep. 232], and the admirable opinion of Chief Justice Field in that case); and to the exceedingly well-reasoned cases of Bank v. Lawrence (decided in Michigan, July, 1898) 76 N. W. 105, and Bell v. Farwell (decided by the Illinois Supreme Court in December, 1898) 52 N. E. 346 [42 L. R. A. 804, 68 Am. St. Rep. 194]. It would not be useful to undertake a review of the decisions of the various states, and it is quite needless to say that we must follow the decisions of the Supreme Court, so far as they cover the questions in this case, and, as to particular questions, if any, not covered by the Supreme Court decisions, that we should, in a case of this character, be governed by the judicial policy of the federal law, rather than that of any particular state."

In addition to the authorities there cited, see, also, Relfe v. Rundel, 103 U. S. 222, 26 L. Ed. 337; Parsons v. Charter Oak Life Ins. Co. (C. C.) 31 Fed. 305; Rogers v. Riley (C. C.) 80 Fed. 759; National Trust Co. v. Miller, 33 N. J. Eq. 155, 158; Gluck & Becker on Receivers (2d Ed.) § 5, p. 34 et seq.; High on Receivers, § 241.

The insolvency of a public building and loan association consists of its inability to perform the purposes for which it was created. Its insolvency works a rescission of the contracts between the association and its members. The money advanced to the borrowing member upon such insolvency immediately becomes due and payable, regardless of the terms of payment fixed in the written contract. Curtis v. Granite State Provident Association (Conn.) 36 Atl. 1023, 1025, 61 Am. St. Rep. 17; Knutson v. Northwestern Loan & Building Association (Minn.) 69 N. W. 889, 64 Am. St. Rep. 410.

The insolvent association in this case was organized under the laws of Minnesota. The bond and mortgage given by Lewis to the association were made payable to it at its home office, in the city of Minneapolis, Minn. The contract as thus made must be treated as a Minnesota contract, and the rights of the parties determined in accordance with the laws of that state, in so far as the question of usury in the payment of interest is considered, notwithstanding the security for its performance was the taking of a mortgage upon real estate in Idaho, where the law upon this question was different. The validity of such contracts has been sustained by this court. Dygert v. Vermont L. & T. Co., 94 Fed. 913, 37 C. C. A. 389; Pacific States

Savings, Loan & Building Association v. Green (C. C. A.) 123 Fed.
43, 44, and authorities there cited. See, also, United States Savings
& Loan Co. v. Harris (C. C.) 113 Fed. 27.

The decree rendered by the court was certainly as favorable to appellants as the law would warrant. We find no error in the record prejudicial to appellants which would justify a reversal of this case. At the time the case was submitted, appellants filed a petition for a bill of review. This petition is denied, and the decree of the Circuit Court is affirmed.