### 8990

## GUIMARIN & CO. v. SOUTHERN LIFE & TRUST CO.

### (84 S. E. 298.)

BANKRUPTCY. FOREIGN RECEIVERS. ATTACHMENT.

1. RECEIVERS—FOREIGN RECEIVERS—ATTACHMENT OF FUNDS.—A North Carolina corporation having construction contracts in South Carolina became insolvent, and a receiver was appointed by the Federal Court in North Carolina. Plaintiffs, who had subcontracts, performed them at the request of the receiver. No ancillary receiver was appointed for South Carolina. *Held,* that as plaintiffs were domestic creditors, they could attach funds due the insolvent corporation from local debtors, as there was no ancillary receiver in the State, and the foreign receiver could not sue.

2. RECEIVERS — RECEIVERSHIP — EFFECT OF — ATTACHMENT.— Where an ancillary receiver, if appointed, would only take the property outside the State for administration, the local creditors may attach funds due the nonresident insolvent from local debtors.

3. RECEIVERS—POWERS OF—CONTINUANCE OF WORK.—Where a construction company became insolvent, and a receiver was appointed, he may continue the work, and persons furnishing labor or material after his appointment are entitled to be paid in full before company's creditors receive dividends; hence it was improper for the

---

FOOTNOTE.—See note on rights acquired by attachment after bankruptcy of principal debtor in 18 Am. & Eng. Ann. Cas. 382; Foreign receiver, 23 L. R. A. 52; Effect of bankruptcy of owner on title to land in foreign country in 21 Am. & Eng. Ann. Cas. 1040.

receiver to distribute funds equitably or equally between his creditors and those of the company.

4. RECEIVERS.—Creditors of a receiver in the administration of a bankrupt estate must be paid in full before distribution of assets amongst creditors of the bankrupt.

Before PRINCE, J., Columbia, April, 1914.    Affirmed.

Action by W. B. Guimarin and E. R. Heyward, copartners, doing business under the firm name of W. B. Guimarin & Co., against Southern Life and Trust Co., of Greensboro, N. C., as receiver of the Central Carolina Construction Co., which had been adjudicated bankrupt in the United States District Court for the Western District of North Carolina. The facts are stated in the opinion.    From an order refusing a motion to dissolve an attachment levied upon certain credits in this State due such receiver, the latter appeals upon the following exceptions:

1. Because his Honor erred in holding that said attachment should not be dissolved because there was no ancillary receiver appointed in this State.

2. Because his Honor erred in holding that the attachment should not be dissolved because no order had been passed by the United States Court in this jurisdiction in the cause therein pending.

3. Because his Honor erred in not holding that the Court of Common Pleas for Richland county had no jurisdiction to attach funds in this State belonging to a receiver appointed by a foreign jurisdiction.

4. Because his Honor erred in not holding that the attachment was improvidently issued, in that the funds so attached are the property of the receiver of the Central Carolina Construction Company appointed by the District Court for the Western District of North Carolina and now being held by the said Young Men's Christian Association at Charleston, subject to the order of the United States District Judge for the District of South Carolina in a proceeding instituted in

said Court by the said receiver against the said association for an accounting of said funds and for the payment of the same to the receiver for equitable distribution among all of the creditors of the said receiver and of the said Central Carolina Construction Company; and the plaintiff in the above case cannot, by said attachment, obtain a preference or prior lien upon said funds so in the hands of the said Court for such distribution in such proceedings.

*Messrs. Simeon Hyde, F. P. Hobgood, Jr.,* and *Robert Moorman,* for appellant, cite: 23 A. & E. Enc. of L. 1107, 1108; 80 Fed. 759; 95 Fed. 747; 13 C. C. A. 612; 66 Fed. 512; 83 Fed. 288; 87 Fed. 252; 89 Fed. 467; 119 Fed. 396; 104 Fed. 757; 55 Fed. 892; 119 Fed. 396; High, Receivers, 241; 90 Ala. 207; 84 Wis. 60; 41 N. J. L. 4.

*Mr. Frank G. Tompkins,* for respondent, cites: 13 Rich. L. 147; 34 Cyc. 489; 123 N. C. 16; 31 S. E. 270; Ann. Cas. 1913d, 1296, note; 17 How. 322; 66 Fed. 565; 63 Fed. 132; 60 Fed. 966; 56 Fed. 539, and note in 26 C. C. A. 50.

February 9, 1915.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

It appears from the record that the Carolina Construction Company, of Greensboro, N. C., had a contract to build two Y. M. C. A. buildings, one in Charleston and one in Columbia, S. C. That pending a completion of these contracts, the Construction Company failed and a receiver for it was appointed by the Honorable James E. Boyd, Judge of the Federal Court for the Western District of North Carolina.

It is alleged that the Construction Company had a contract with the respondents to do the plumbing in said buildings, but the company failed before the respondents started· on their work and the respondents declined to carry out their

contracts; that the receiver, the appellant, then undertook to pay for the work to be done and by reason of this promise, the respondents did the work. The respondent relies upon the contract with the receiver who, they allege, undertook to complete the contracts of its insolvent with these respondents.

It is alleged that the receiver refused to pay for the work. The respondents attached the funds in the hands of the Charleston and Columbia associations, for the payment of their debt. The defendant appeared for the purpose of moving to dismiss the attachment only, on the ground: 1. That the State Court has no jurisdiction to attach a fund belonging to a foreign receiver. 2. That the funds are held subject to the order of the United States Court for the District of South Carolina and not subject to attachment by the State Courts. Judge Prince refused the motion, holding that the funds were subject to attachment and that the District Court for South Carolina had taken *no action in the matter.* From this order the defendant appealed and argues two questions.

I. "First. Should the South Carolina Court permit through an action at law and an attachment, the funds belonging to the receiver appointed by the United States Court in North Carolina and which he was seeking to recover in the proceeding in the District Court for South Carolina, to be held under an attachment issued in a proceeding pending in the State Court although there was no appointment of an ancillary receiver?"

Appellant, in its argument, says:

In *Rogers* v. *Riley,* 80 Fed. 759, the Court declares that this rule "(receiver has no extra territorial jurisdiction)," is subject to a well established exception which allows a receiver to sue extra territorially "where there are no domestic creditors and where it is not against the public policy of the State in which the suit is brought."

All of the authorities quoted by appellant are to the same effect. These authorities do not apply here for the reason that the respondents are domestic creditors. Besides, appellants showed before Judge Prince that "the Honorable, the District Judge for the Western District of North Carolina, held that in order to make said proceedings *effective,* it was necessary that the bill hereinbefore referred to should be filed in the District of South Carolina."

Judge Prince held: "It does not appear from the papers submitted to me that any ancillary receiver had ever been appointed in this State." Unless we are bound by some high and controlling authority, we would not hold that the distinguished Federal Judge underestimated the powers of his own appointee or that he made a useless order. It certainly does not lie in the mouth of the appointee to say so.

This proposition cannot be sustained.

II. "Second. Should a creditor of a contractor entitled to a lien under section 4152, volume I, Civil Code, be allowed to obtain a lien prior to all other material men and laborers upon the fund in the hands of the contractor or to which he is entitled and which he is seeking to recover?"

It appears in the record that although Judge Boyd, of the Western District of North Carolina, had directed the application for an ancillary receiver in the Federal Court of South Carolina, yet this had not been done, but in case the ancillary receiver should thereafter be appointed, it was the purpose of the receiver to take the fund out of the jurisdiction of the Courts for South Carolina, both Federal and State, and require the domestic creditors to go into the foreign jurisdiction to recover his claim.

It further appeared that it was the intention of the receiver to distribute between the creditors of the bankrupt and the creditors of the receiver "equitably." Equitably may mean equally. If this is not his intention, it ought to appear. The creditors of the bankrupt and the creditors of

the receiver are not in the same class.   The creditors of the receiver in the administration of the bankrupt estate must be paid in full before there is anything to be distributed equitably between the creditors of the bankrupt estate.   Railroads are operated and construction companies wound up by receivers, and it is frequently necessary to continue the operation of the roads and complete contracts in order to prevent utter ruin.   It would be monstrous to hold that employees of the one and the subcontractors of the other shall continue their work and take only their *pro rata,* and that necessarily deferred to the determination of the receivership, because if they must prorate, then the *pro rata* can not be determined until the winding up of the receivership.   Here the claim is that the respondents did all of their work under a contract with the receiver to complete the bankrupt's contract.   There is no showing in the record that there is any other creditor who is in the same class with the respondents.   This statement of the law is necessarily true, but if authority is deemed desirable, it will be found in 23 Am. & Eng. Ency. of Law, p. 1120: "Where a receiver is appointed to operate property for the benefit of the lien holder thereon, he may make the operating expenses a first charge, upon not only the current earnings, but the corpus of the estate."

The exceptions are overruled and the order appealed from affirmed.

MR. JUSTICE HYDRICK did not sit in this case.